**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KISNA ENTERPRISES, LLC, DBA LA QUINTA INN & SUITES, | ) <br> ) <br> ) CIVIL ACTION |
| Plaintiff, | ) FILE NO.: <br> ) |
| v. | ) [On removal from the Superior <br> ) Court of Henry County, |
| AUTO-OWNERS INSURANCE COMPANY and PROPERTY-OWNERS INSURANCE COMPANY, | ) Georgia; <br> ) <br> ) Civil Action <br> ) File No.: SUCV2021000137 |
| Defendants. | ) |

## NOTICE OF REMOVAL

COME NOW, AUTO-OWNERS INSURANCE COMPANY and PROPERTY-OWNERS INSURANCE COMPANY (collectively, "Defendants"), Defendants in the above-styled action, and within the time prescribed by law, file this Notice of Removal, respectfully showing the Court the following facts:

1.     On January 15, 2021, Plaintiff KISNA ENTERPRISES, LLC, DBA LA QUINTA INN & SUITES ("Plaintiff"), by and through counsel, filed a Complaint against Defendants in the Superior Court of Henry County, Georgia, styled as *KISNA ENTERPRISES, LLC DBA LA QUINTA INN & SUITES v. AUTO-OWNERS INSURANCE COMPANY AND PROPERTY-OWNERS INSURANCE*

*COMPANY*, assigned Case No. SUCV2021000137 (the "State Court Action"). True and correct copies of all process, pleadings, and other orders served upon Defendants to date in the State Court Action are collectively attached hereto as **Exhibit A**.

2.      The Complaint and Summons in this action were served upon Defendants on January 19, 2021, the date on which Defendants first received the Complaint and notice of this lawsuit. Thus, removal is timely under 28 U.S.C. § 1446(b).

3.      The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Henry County, Georgia. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

4.      Pursuant to 28 U.S.C. § 1446, promptly after filing of this Notice of Removal, Defendants will give written notice to Plaintiff by notifying its attorney of record, William F. Merlin, Jr., Esq., of Merlin Law Group, P.A., and will file a copy of this Notice of Removal with the Clerk of Superior Court of Henry County, which shall effect the removal.

## DIVERSITY JURISDICTION

5.      The United States District Court for the Northern District of Georgia, Atlanta Division possesses diversity jurisdiction over this matter pursuant to 28

U.S.C. § 1332.

6.      Upon information and belief, Plaintiff is a corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Georgia. Thus, Plaintiff is a citizen of the State of Georgia. (Complaint, ¶ 1).

7.      Defendant Auto-Owners Insurance Company is a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan. Thus, Defendant Auto-Owners Insurance Company is a citizen of the State of Michigan. Auto-Owners is not a citizen of Georgia.

8.      Defendant Property-Owners Insurance Company is a corporation organized under the laws of the State of Indiana, with its principal place of business in the State of Michigan. Thus, Defendant Property-Owners Insurance Company is a citizen of the State of Michigan and/or Indiana.  Property-Owners is not a citizen of Georgia.

9.      Because Plaintiff and Defendants are citizens of different states, complete diversity exists between Plaintiff and Defendants in accordance with 28 U.S.C. § 1332(a)(1).

10.     Plaintiff's Complaint seeks recovery of insurance proceeds allegedly owed under a policy of insurance for damage to the Property.

11.     Based on the allegations in the Complaint, Plaintiff seeks to recover in excess of $75,000.00.  (*See* Complaint, ¶¶ 53, 54, 55, 56).

12.     Furthermore, based on statements made by Plaintiff throughout the course of the claim, Plaintiff seeks to recover in excess of $75,000.00 from this litigation.  For example, in correspondence dated November 14, 2020, Plaintiff sought benefits totaling $3,487,291.99, including replacement cost benefits and loss of business income benefits.  Plaintiff made a demand for these amounts under Property-Owners policy of insurance, policy no. 114618-80881833-18.  (*See* **Exhibit B**, Declaration of Houston Mabray, ¶¶ 5-6, Exhibit 1 to Exhibit B).

13.     During the course of the Claim, Plaintiff submitted two purported signed, sworn proofs of loss which sought damages for the structural repairs and allegedly damaged business personal property items which totaled, collectively, $1,907,291.33.  (*See* **Exhibit B**, Declaration of Houston Mabray, ¶8, Exhibit 2 to Exhibit B).

14.     In connection with the claim, Property-Owners issued payments, less the insured's deductible, including $1,075,028.12 for the building and $209,443.15 for the business personal property.  Property-Owners also issued payment for loss

of business income for a 12-month period following the date of loss. It is Property-Owners' position that it has paid all amounts owed under the Policy and that Plaintiff is not entitled to recover any additional payments. (*See* **Exhibit B**, Declaration of Houston Mabray, ¶8).

15.     Based on the allegations in the Complaint, the November 14, 2020 demand letter, and the signed, sworn proofs of loss submitted by Plaintiff, Plaintiff is seeking an amount in excess of $75,000 from this litigation. As such, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

16.     Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a), but not necessarily for purposes of 28 U.S.C. § 1391 or any other applicable venue provision. By filing this Notice of Removal, Defendants do not waive any of their jurisdictional objections or affirmative defenses

WHEREFORE, Defendants pray that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446, and that no further proceedings be had in said case in the Superior Court of Henry County, Georgia.

This 18th day of February, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/  **Mark T. Dietrichs***
Mark T. Dietrichs
Georgia Bar No. 221722
Jessica M. Phillips
Georgia State Bar No. 922902
Heather E. Obelgoner
Georgia Bar No. 278063
*Attorneys for Defendants*

The Peachtree – Suite 300
1355 Peachtree Street, NE
Atlanta, Georgia 30309
OFFICE: (404) 874-8800
FAX: (404) 888-6199
Mark.Dietrichs@swiftcurrie.com
Jessica.Phillips@swiftcurrie.com
Heather.Obelgoner@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have this day electronically filed ***Defendants' Notice of Removal*** with the Clerk of Court using the CM/ECF e-filing system, which will automatically send e-mail notification and service of such filing to counsel of record follows:

William F. Merlin, Jr., Esq.
Merlin Law Group, P.A.
777 S. Harbour Island Boulevard, Suite 950
Tampa, Florida  33602
cmerlin@merlinlawgroup.com
*Counsel for Plaintiff*

This 18th day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/  Mark T. Dietrichs*
Mark T. Dietrichs,
Georgia Bar No. 221722
Jessica M. Phillips
Georgia State Bar No. 922902
Heather E. Obelgoner
Georgia Bar No. 278063
*Attorneys for Defendants*

1355 Peachtree Street, NE, Ste. 300
Atlanta, Georgia 30309
OFFICE: (404) 874-8800
FAX: (404) 888-6199
Mark.Dietrichs@swiftcurrie.com
Jessica.Phillips@swiftcurrie.com
Heather.Obelgoner@swiftcurrie.com

4822-2995-4268, v. 1

-7-