**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KISNA ENTERPRISES, LLC, DBA LA QUINTA INN & SUITES, | ) )  ) CIVIL ACTION |
| Plaintiff, | ) FILE NO.: ) |
| v. | ) [On removal from the Superior ) Court of Henry County, |
| AUTO-OWNERS INSURANCE COMPANY and PROPERTY-OWNERS INSURANCE COMPANY | ) Georgia; ) ) Civil Action ) File No.: SUCV2021000137 |
| Defendant. | ) |

## DECLARATION OF HOUSTON MABRAY

Pursuant to 28 U.S.C. § 1746, I, Houston Mabray, hereby declare, certify, verify, and state to the best of my knowledge under penalty of perjury that the following Declaration is true and correct, and state as follows:

1. I, Houston Mabray, am over the age of eighteen (18) and do not suffer from any mental infirmities. I have personal knowledge of, and am otherwise competent to testify regarding, the facts stated herein. I reside in Coweta County, Georgia.

2. I am employed as a Field Claim Representative with Auto-Owners

Insurance Company and am authorized to act on behalf of Auto-Owners Insurance Company ("Auto-Owners") and Property Owners Insurance Company ("Property Owners") with respect to the matter that is the subject of this litigation.

3. I, along with other Property Owners representatives, was assigned to assist in the investigation and adjustment of an insurance claim submitted under a policy of insurance issued by Property Owners to Kisna Enterprises LLC d/b/a La Quinta Inn & Suites, policy number 114618-80881833-18 (the "Policy"), in connection with a loss that occurred to the property located at 3581 Cameron Parkway, Stockbridge, Georgia 30281 (the "Property"). Property Owners assigned the loss claim number 300-0018468-2019 (the "Claim"). Auto-Owners Insurance Company did not issue a policy of insurance to Plaintiff for the Property. Through my involvement with the adjustment and investigation of the claim, I have personal knowledge of the facts and information attested to herein.

4. Plaintiff served a Complaint on Property Owners and Auto-Owners related to the Claim. The Complaint was served on Property Owners registered agent on January 19, 2021.

5. In the Complaint, Plaintiff seeks recovery of unspecified amounts relating to the damage to the Property and loss of business income.

6. In connection with the Claim, Plaintiff submitted a demand letter dated

November 14, 2020, to Property Owners. The November 14, 2020 demand letter sought benefits totaling $3,487,291.99, including replacement cost value benefits and loss of business income benefits of $425,000. A true and accurate copy of the November 14, 2020 demand letter is attached hereto as **Exhibit 1**.

7. During the course of the Claim, Plaintiff submitted two purported signed, sworn proofs of loss which sought damages for the structural repairs and allegedly damaged business personal property items which totaled, collectively, $1,907,291.33. True and accurate copies of these signed, sworn proofs of loss are attached hereto as **Exhibit 2**.

8. In connection with the claim, Property Owners issued payments, less the insured's deductible, including $1,075,028.12 for the building and $209,443.15 for the business personal property. Property Owners also issued payment for loss of business income for a 12 month period following the date of loss. It is Property Owner's position that it has paid all amounts owed under the Policy and that Plaintiff is not entitled to recover any additional payments.

9. Based upon my review of the claim file, the Policy, Plaintiff's demand, and Plaintiff's Complaint and prayer for damages, it is Property Owners' belief that, based on the allegations in Plaintiff's Complaint, should Plaintiff be successful in this matter, it could recover a sum in excess of $75,000.00, exclusive of interest and

of interest and costs.

10. This Declaration is given of my own knowledge to be used in support of the Notice of Removal filed on behalf of Defendants in the case <u>Kisna Enterprises, LLC dba La Quinta Inn & Suites v. Auto-Owners Insurance Company and Property-Owners Insurance Company</u>, and for any other purpose as such Declaration may be used as provided by law.

**I DECLARE UNDER PENALTY OF PERJURY IN ACCORDANCE WITH 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE AND CORRECT.**

_____
SIGNATURE

Houston Mabray
(PRINT NAME)

**PROPERTY OWNERS INSURANCE COMPANY**

EXECUTED ON: 2-17-21

4811-4331-6444, v. 1

Scanned with CamScanner

**EX. 1**



777 S HARBOUR ISLAND BLVD., STE 950　　　TELEPHONE: (813) 229-1000
TAMPA, FL 33602　　　　　　　　　　　　　FACSIMILE:　(813) 229-3692

November 14, 2020

**VIA UPS OVERNIGHT MAIL AND EMAIL**
Jessica M. Phillips, Esq.
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
jessica.phillips@swiftcurrie.com

> Re:　Insured:　　　Kisna Enterprises, LLC
> 　　　Policy No.:　　114618-80881833-18
> 　　　Claim No.:　　 300-0018468-2019
> 　　　Date of Loss:　 January 15, 2019
> 　　　Location:　　　La Quinta Inn & Suites Hotel
> 　　　　　　　　　　3581 Cameron Parkway
> 　　　　　　　　　　Stockbridge, Georgia 30281

Dear Ms. Phillips,

　　Please be advised that Merlin Law Group, P.A. has been retained to represent Kisna Enterprises, LLC d/b/a La Quinta Inn & Suites Hotel ("Kisna Enterprises") with regard to the above-referenced property insurance claim. All further communications regarding this claim should be directed to my office.

　　It is evident that there was a significant lack of good faith claims practice handling by the representatives of Auto-Owners/Property-Owners Insurance Company (collectively "Auto-Owners"), which required Kisna Enterprises to retain legal services in order to fairly settle its claim. Accordingly, it is our contention that the conduct of Auto-Owners and its representatives constitutes an unfair claim settlement pursuant to O.C.G.A. §33-6-34, and is a breach of this insurance policy as set forth below. The violations under the Georgia Insurance Code may include, but are not limited to:

1

(1)   Knowingly misrepresenting to claimant and insured relevant facts or policy provisions relating to coverages at issue. See O.C.G.A. § 33-6-34(1).

(2)   Failing to adopt and implement procedures for the prompt investigation and settlement of claims arising under its policies. See O.C.G.A. § 33-6-34(3).

(3)   Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear. See O.C.G.A. § 33-6-34(4).

(4)   Compelling insured or beneficiaries to institute lawsuits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in lawsuits brought by them. See O.C.G.A. § 33-6-34(5).

(5)   Refusing to pay claims without conducting a reasonable investigation. See O.C.G.A. § 33-6-34(6).

(6)   When requested by the insured in writing, failing to affirm or deny coverage of the claims within a reasonable time after having completed its investigation related to such claim or claims. See O.C.G.A. § 33-6-34(7).

(7)   Unreasonably delaying the investigation or payment of claims by requiring both a formal proof of loss and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form. See O.C.G.A. § 33-6-34(9).

(8)   When requested by the insured in writing, failing in the case of claim denial or offers of compromise settlement to provide promptly a reasonable and accurate explanation of the basis for such action. In the case of claims denials, such denials shall be in writing. See O.C.G.A. § 33-6-34(10).

Moreover, the bad faith claims handling violations of O.C.G.A. §33-6-34 triggers additional liability on Auto-Owners' part to pay the amount of the claim, plus a penalty of an additional fifty percent (50%) of the value of the claims and reasonable attorneys' fees and costs. See O.C.G.A §33-4-6. Accordingly, consistent with the enclosed supporting documents, Kisna Enterprises hereby makes its formal demand to Auto-Owners to settle the above claim for the sum of $2,310,366.65 RCV/ $1,277,954.75 ACV under dwelling, $751,925.34 RCV/$630,336.58 ACV for business personal property, and $425,000.00 for loss of business income from January 2020 to May 2020. This demand is subject to the policy terms and conditions.

This demand is being made pursuant to O.C.G.A. § 33-4-6. Accordingly, Auto-Owners has sixty (60) days in which to make payment on this claim. If the claim is not paid within sixty (60) days, we will immediately bring an action seeking all compensation allowed by this statute, including attorneys' fees and a penalty of 50% of the loss.

This letter constitutes a "proper demand" for payment under O.C.G.A. § 33-4-6. If Auto-Owners contends that a proper demand has not been made, it must immediately notify us of the reasons for such allegation. Otherwise, it will be assumed that Auto-Owners agrees that a proper demand was made.

This correspondence will also serve as notification that Auto-Owners may also be required to pay reasonable attorneys' fees due to its failure to perform as per the terms of the insurance contract entered into with Kisna Enterprises. Such payment is necessitated as a result of Kisna Enterprises having to retain the undersigned for legal services to pursue its claim for damages and should be paid in addition to the amount of any valid claim for contractual benefits and costs.

The purpose of this letter is to encourage Auto-Owners to resolve Kisna Enterprises' claim in a fair and equitable manner without the need for further legal action.

This offer is made in the spirit of compromise pursuant to Southern General Ins. Co. v. Holt, 226 Ga. 267, 416 S.E.2d 274 (1992). Failure to settle Kisna Enterprises' claim after this notice of its willingness to accept this amount (which is within the applicable policy limits) may result in Auto-Owners being liable for the full amount of any judgment obtained, even if it is in excess of the limits of the policy. See GEICO v. Gingold, 249 Ga. 159 (1982); Shaw v. Caldwell, 229 Ga. 87 (1972); and Smoot v. State Farm Mutual Auto Insurance Co., 229 F.2d 525 (5th Cir. 1962).

Kisna Enterprises has complied with all conditions contained in the insurance policy. Although it has been well over a year since the loss occurred, Auto-Owners has not provided any reasonable explanation that would support a denial or limitation of Kisna Enterprises' claim when the obligation to settle has become reasonably clear. This constitutes prima facie evidence of Auto-Owners bad faith claims handling.

In order to avoid litigating claims under O.C.G.A. § 33-4-6, including all penalties and attorneys' fees afforded by law, payment must be received in my office within sixty (60) days of Auto-Owner's receipt of this letter. Any check(s) issued should list Merlin Law Group, PA as a payee. If Auto-Owners is not in agreement with Kisna Enterprises' reasonable demand for payment of insurance benefits being submitted at this time, Kisna Enterprises requests that Auto-Owners make a reasonable counter-offer before the expiration of the cure period outlined above.

Please also accept this letter as a formal demand for a certified copy of the insurance policy, as well as the following:

(1) Copies of all documentation, of whatever kind or nature, in your possession, custody or control concerning Kisna Enterprises' claim of loss that is the subject of this insurance claim for damages, including, but not limited to, copies of any insurance policies, recorded statement, documentation of the claim such as proofs of loss, reports by Auto-Owners' representatives regarding the extent and nature of the damages.

(2)     Copies of all endorsements, all renewals, and any written or verbal statements taken from Kisna Enterprises and/or its representatives.

(3)     Copies of all correspondences, notices, reports or other communications between Auto-Owners or its representatives and Kisna Enterprises or its representatives regarding the loss and/or the insurance claim.

(4)     Copies of all documents in Auto-Owners' possession, custody, or control relating to Kisna Enterprises' loss which is the subject matter of the insurance claim, including, but not limited to, photographs, videotapes, sketches, drawings, field notes, reports relied upon by Auto-Owners regarding Kisna Enterprises' claim for damages.

(5)     Copies of all inventories, estimates of whatever kind or nature received by Auto-Owners and upon which Auto-Owners relied on in reaching its conclusions concerning the valuation of Kisna Enterprises' loss.

(6)     Copies of all documents, statements, notes, measurements, test results, and related materials relied upon by Auto-Owners in reaching its conclusions to pay or deny withhold or refuse to pay Kisna Enterprises' insurance claim.

This information should be received by my office within fifteen (15) days upon receipt of this letter pursuant to O.C.G.A. §33-6-34(11).

We look forward to working with you to resolve this matter quickly and amicably. Please feel free to contact me should you have any questions pertaining to this correspondence.

Very truly yours,

**MERLIN LAW GROUP, P.A.**

*/s/ William F. Merlin, Jr.*
William F. Merlin, Jr., Esq.

WFM/ik
Enclosures: As referenced above.

**EX. 2**

## SWORN STATEMENT IN PROOF OF LOSS

| $1,103,970.00 | 114618-80881833-18 |
|---|---|
| AMOUNT OF POLICY AT TIME OF LOSS | POLICY NUMBER |
| 06/30/2018 | |
| DATE ISSUED | AGENCY AT |
| 06/30/2019 | |
| DATE EXPIRED | AGENT |

To the   Auto Owners Insurance
of   6101 Anacapri Blvd Lansing, MI 48917
At the time of loss, by the above indicated policy of insurance, you insured   Kisna Enterprises, LLC at 3581 Cameron Parkway Stockbridge, GA 30281

against loss by   Fire   to the property described under Schedule " A " according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached hereto.

**1. Time and Origin:** A   Fire   Loss occurred at approximately   on   01/15/2019
STATE KIND
. The cause and origin of said loss were   Fire
Ensuing loss to personal property

**2. Occupancy:** The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:   Hotel

**3. Title and Interest:** At the time of the loss, the interest of your insured in the property described herein was   sole
. No other person or persons has any interest therein or encumbrance thereon except:

**4. Changes:** Since the said policy was issued, there has been no assignment thereof, or change of interest, use occupancy, possession, location or exposure of the property described, except:   None

**5. Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of loss,   $1,103,970.00   as more particularly specified in the apportionment attached under Schedule " C ", besides which there was no policy or other contract of insurance written or oral, valid or invalid

| | |
|---|---:|
| 6. The Actual Cash Value of said property at the time of loss was . . . . . . . . . . . . . . . . . . . $ | |
| 7. The Whole Loss and Damage was. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | $751,925.34 |
| 8. Less Amount of Deductible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | $1,000.00 |
| 9. Less Amount of Prior Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | $120,588.76 |
| 10. Less Amount of Non-Recoverable Depreciation . . . . . . . . . . . . . . . . . . . . . . . $ | N/A |
| 11. The Amount Claimed under the above numbered policy is . . . . . . . . . . . . . . . . . . $ | $630,336.58 |

The undersigned represents and warrants that (1) the loss described in this Proof of Loss (the "Loss") was not caused by any intentional act or omission on the part of the insured; (2) the insured has taken no action that would violate the conditions of or render void the applicable insurance policies; (3) the undersigned has made no claim for property not damaged or destroyed in connection with the Loss; (4) the undersigned has not concealed any property recovered from the Loss; (5) the undersigned has not, by any action or omission, attempted to deceive or defraud the insurer. This Proof of Loss states a claim for only the undisputed amount of the Loss. The insured reserves the right to make claims for any additional damage discovered after the date of this Proof of Loss and for any claim not paid by insurer. Any other information that may be required will be furnished and be considered a part of this Proof of Loss.

The undersigned acknowledges and agrees that it has received services (the "Services") rendered by Metro Public Adjustment, Inc. ("MPA") and that the undersigned is fully satisfied with the Services, and that the undersigned holds MPA harmless and releases MPA from any and all claims of the undersigned, whether or not related to the Services, except in the case of claims arising directly and solely from gross negligence on the part of MPA.

State of   GA

County of   Henry

Subscribed and sworn to before me this   8   day of   June   20 20

_____ Notary Public

Insured

[Notary seal: PHILIP J SMITH, NOTARY PUBLIC, HENRY COUNTY, GA, Exp. Feb. 21, 2022]

## SWORN STATEMENT IN PROOF OF LOSS

| $4,011,700.00 | 114618-80881833-18 |
|---|---|
| AMOUNT OF POLICY AT TIME OF LOSS | POLICY NUMBER |
| 06/30/2018 | |
| DATE ISSUED | AGENCY AT |
| 06/30/2019 | |
| DATE EXPIRED | AGENT |

To the  Auto Owners Insurance
of  6101 Anacapri Blvd Lansing, MI 48917

At the time of loss, by the above indicated policy of insurance, you insured  Kisna Enterprises, LLC at 3581 Cameron Parkway Stockbridge, GA 30281

against loss by  Fire  to the property described under Schedule " A " according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached hereto.

**1. Time and Origin :**  A  Fire  Loss occurred at approximately  on  01/15/2019
STATE KIND

. The cause and origin of said loss were  Fire
Ensuing loss to building

**2. Occupancy** : The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:  Hotel

**3. Title and Interest :** At the time of the loss, the interest of your insured in the property described herein was  Key Bank
. No other person or persons has any interest therein or encumbrance thereon except:

**4. Changes** : Since the said policy was issued, there has been no assignment thereof, or change of interest, use occupancy, possession, location or exposure of the property described, except :  None

**5. Total Insurance** : The total amount of insurance upon the property described by this policy was, at the time of loss, $4,011,700.00 as more particularly specified in the apportionment attached under Schedule " C ", besides which there was no policy or other contract of insurance written or oral, valid or invalid

| | |
|---|---:|
| 6. The Actual Cash Value of said property at the time of loss was . . . . . . . . . . . . . . . . . . . $ | |
| 7. The Whole Loss and Damage was. . . . . . . . . . . . . . . . . . . . . . . . . . . $ | $2,310,366.65 |
| 8. Less Amount of Deductible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | $1,000.00 |
| 9. Less Amount of Prior Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | $1,032,411.90 |
| 10. Less Amount of Non-Recoverable Depreciation . . . . . . . . . . . . . . . . . . . . . . . $ | N/A |
| 11. The Amount Claimed under the above numbered policy is . . . . . . . . . . . . . . . . . . . . . . $ | $1,276,954.75 |

The undersigned represents and warrants that (1) the loss described in this Proof of Loss (the "Loss") was not caused by any intentional act or omission on the part of the insured; (2) the insured has taken no action that would violate the conditions of or render void the applicable insurance policies; (3) the undersigned has made no claim for property not damaged or destroyed in connection with the Loss; (4) the undersigned has not concealed any property recovered from the Loss; (5) the undersigned has not, by any action or omission, attempted to deceive or defraud the insurer. This Proof of Loss states a claim for only the undisputed amount of the Loss. The insured reserves the right to make claims for any additional damage discovered after the date of this Proof of Loss and for any claim not paid by insurer. Any other information that may be required will be furnished and be considered a part of this Proof of Loss.

The undersigned acknowledges and agrees that it has received services (the "Services") rendered by Metro Public Adjustment, Inc. ("MPA") and that the undersigned is fully satisfied with the Services, and that the undersigned holds MPA harmless and releases MPA from any and all claims of the undersigned, whether or not related to the Services, except in the case of claims arising directly and solely from gross negligence on the part of MPA.

State of  GA

County of  Henry

Subscribed and sworn to before me this  8  day of  June  20 20

_____ Notary Public

[Notary seal: PHILIP J SMITH / NOTARY PUBLIC / Feb. 21, 2022 / HENRY COUNTY, GA]